UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER MARTIN, an individual,

    Plaintiff,

v.                                Case No: 2:13-cv-393-FtM-29DNF

ESTERO FIRE RESCUE, a political subdivision of the State of Florida and SCOTT VANDERBROOK,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant Estero Fire Rescue's Motion to Dismiss Counts I, II, III, and IV of Plaintiff's Amended Complaint (Doc. #31) filed on October 24, 2013.  Plaintiff filed a Response (Doc. #35) on November 5, 2013.  Also before the Court is Defendant Estero Fire Rescue's Unopposed Motion to Strike Punitive Damages Claims Against It (Doc. #33) filed on October 25, 2013.  For the reasons set forth below, the motion to dismiss is denied and the motion to strike is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

2

**II.**

Plaintiff Christopher Martin (Plaintiff or Martin) has filed a six-count Amended Complaint (Doc. #30) against Defendants Estero Fire Rescue (EFR) and EFR Fire Chief Scott Vanderbrook (Vanderbrook). Martin alleges that EFR unlawfully discriminated and retaliated against him in violation of the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act of 1992 (FCRA). (Id.) Martin further alleges that both EFR and Vanderbrook (Defendants) deprived him of his constitutional right to equal protection in violation of 42 U.S.C. § 1983. (Id.) The underlying facts, as set forth in the Amended Complaint, are as follows.

Martin was hired by EFR in 2009 as a firefighter and EMT. (Id. at ¶ 10.) Martin, an African American, suffers from "anxiety and depression, which, when not in remission, substantially limits one or more of his major bodily functions, including, but not limited to, the emotional system, which seriously impacts life activities." (Id. at ¶ 13.) In 2010, while Martin was taking part in a rescue swimming class, an EFR Assistant Chief made disparaging racial remarks to Martin. (Id. at ¶¶ 17-18.) Martin filed a complaint and, since that time, he has been subjected to discrimination, greater scrutiny, unwarranted discipline, and termination. (Id. at ¶¶ 19-20.)

In July 2012, Martin began suffering anxiety and depression "flare-ups." (Id. at ¶ 22.) As a result, "Martin has been under

3

psychological care . . . to treat his chronic depression with bipolar tendencies and his resulting occasional drug use." (Id. at ¶ 23.) Martin tested positive for drugs on July 23, 2012. (Id. at ¶ 26.) According to Martin, this positive test was the result of his anxiety and depression. (Id.) Following the positive drug test, Martin told EFR and Vanderbrook that his drug use was the result of his disabilities and requested that they provide him an accommodation by waiving discipline for the positive test or providing him with counseling. (Id. at 28.) According to Martin, non-disabled and white EFR employees were provided counseling and/or received no discipline under similar circumstances. (Id. at ¶¶ 29.) Instead of providing the requested counseling and waiving discipline, EFR terminated Martin on August 22, 2012 for violating EFR's drug policy. (Id. at ¶ 33.) However, Martin contends that the true reason for his termination was Defendants' racial and disability discrimination, as evidenced by the fact that white and non-disabled EFR employees were not terminated under similar circumstances. (Id. at ¶ 34-37.) Accordingly, Martin contends that his termination violated the ADA, FCRA, and his constitutional right to equal protection. (Id. at ¶ 38.)

### III.

EFR now moves to dismiss counts one through four of the Amended Complaint (Martin's ADA and FCRA causes of action), arguing that each count fails to state a claim. (Doc. #31.) Martin responds that counts one through four were each adequately pled.

4

(Doc. #35.)  In the alternative, EFR moves to strike Martin's demand for punitive damages in connection with counts one through four.  (Doc. #33.)  Martin does not oppose the motion to strike punitive damages.  (Id.)

A.  **Plaintiff's ADA and FCRA Discrimination Claims (Counts One and Two)**

The FCRA is to be construed in conformity with the ADA.  Albra v. Advan, Inc., 490 F.3d 826, 835 (11th Cir. 2007).  Accordingly, analysis of FCRA claims is identical to analysis of ADA claims, and federal case law interpreting the ADA is applicable to claims arising under the FCRA.  Reis v. Univ. City Develop. Partners, Ltd., 442 F. Supp. 2d 1238, 1243 (M.D. Fl. 2006) (citing Wimberly v. Sec. Tech. Group, Inc., 866 So. 2d 146, 147 (Fla. 4th DCA 2004)); Stanley v. Lockheed Martin Corp., No. 11-CV-1649, 2013 WL 3974655, at *12 (M.D. Fla. Aug. 1, 2013) (same).  Thus, the Court will address Martin's ADA and FCRA discrimination claims together.

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  "[T]o establish a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate that (1) he has a disability, (2) he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that he

5

holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against him because of the disability." D'Angelo v. ConAgraFoods, Inc., 422 F.3d 1220, 1226 (11th Cir. 2005) (quotations omitted).

The ADA defines "disability" as either "a physical or mental impairment that substantially limits one or more major life activities . . . a record of such an impairment . . . or being regarded as having such an impairment." 42 U.S.C. § 12102(1). In turn, "major life activities" is defined to include "major bodily function[s] including, but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." Id. § 12102(2)(B). Here, Martin alleges that his anxiety and depression "substantially limits . . . [his] emotional system, which seriously impacts life activities." (Doc. #30, ¶ 13.) Thus, Martin asserts (and EFR does not contest) that, as alleged, his condition meets the ADA's definition of disability. The Court agrees.

Turning to the second prong, Martin alleges that he is a qualified individual as evidenced by the fact that he "always performed his assigned duties in a professional manner and was very well qualified for his position." (Id. at ¶ 11.) EFR argues that, even accepting Martin's allegations as true, Martin's admitted drug use bars him from alleging that he is a qualified individual.

6

Under the ADA, "a qualified individual with a disability *shall not include* any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use."  42 U.S.C. § 12114(a) (emphasis added).  However, under the ADA's so-called "safe harbor" provision, an individual with past drug use will not be disqualified if he:

> (1) has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use;
>
> (2) is participating in a supervised rehabilitation program and is no longer engaging in such use; or
>
> (3) is erroneously regarded as engaging in such use, but is not engaging in such use.

Id. § 12114(b).  The ADA does not define "currently engaging" and the Eleventh Circuit has not addressed the phrase's meaning.  Other circuit courts have held that the statute does not lend itself to a bright-line rule, instead concluding that the proper test is whether "the drug use was sufficiently recent to justify the employer's reasonable belief that the drug abuse remained an ongoing problem."  Zenor v. El Paso Healthcare Sys., Ltd., 176 F.3d 847, 856 (5th Cir. 1999); see also A.B. ex rel. Kehoe v. Hous. Auth. of S. Bend, Indiana, 498 F. App'x 620, 622 (7th Cir. 2012); Greer v. Cleveland Clinic Health Sys.-East Region, 503 F. App'x 422, 431 (6th Cir. 2012); Mauerhan v. Wagner Corp., 649 F.3d 1180, 1187 (10th Cir. 2011).

7

In the Amended Complaint, Martin states that one of the symptoms of his chronic depression was "occasional drug use," that he tested positive for drugs on July 23, 2012, and that EFR terminated him on August 22, 2012 as a result of the positive drug test. (Doc. #30, ¶¶ 22-26, 33.) However, Martin also alleges that he was never under the influence of a controlled substance while on duty, that he utilized EFR's Employee Assistance Program (EAP) to seek care for his depression and drug use, and that he has not used drugs for a significant period of time. (Id. at ¶¶ 22-26.) Accordingly, while Martin's admitted drug use could potentially disqualify him from the ADA's protections, his allegations that he sought medical care for his drug use and that he has not used drugs for a significant period of time make it plausible that he was not "currently engaging" in the use of drugs at the time of his termination. It is also plausible that Martin can invoke the ADA's safe harbor provision due to his alleged use of EAP as a rehabilitation program. Therefore, the Court concludes that Martin's allegations satisfy the second prong.

To satisfy the third prong, Martin must allege that EFR was aware of his disability and that he was discriminated against because of his disability. Morisky v. Broward Cnty., 80 F.3d 445, 447-48 (11th Cir. 1996). Martin has done so. The Amended Complaint alleges that Martin notified EFR and Vanderbrook that he had enrolled in EAP and was under psychological care for his depression. (Doc. #30, ¶¶ 23, 28.) Martin also alleges that,

8

following his failed drug test, he requested that EFR and Vanderbrook waive discipline or provide counseling as an accommodation for his disabilities. (Id. at ¶ 28.) These allegations are sufficient to support Martin's contention that he "was regarded as disabled by EFR based upon his actual and his perceived impairment." (Id. at ¶ 36.) Martin also alleges that he was terminated as a result of his request for counseling and a discipline waiver to accommodate his disability. (Id. at ¶¶ 28, 37.) According to Martin, non-disabled EFR employers who also failed drug tests were not terminated under similar circumstances. (Id. at ¶ 30.) Thus, Martin's allegations satisfy the third prong and, accordingly, Martin has adequately alleged his ADA and FCRA discrimination claims.

B. **Plaintiff's ADA and FCRA Retaliation Claims (Counts Three and Four)**

For the reasons stated above, the Court will address Martin's ADA and FCRA retaliation claims together. The ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). This prohibition is analyzed "under the same framework . . . employ[ed] for retaliation claims arising under Title VII." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Accordingly, "[t]o establish a prima facie case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action;

9

and (3) a causal link between the protected expression and the adverse action." Id.

Martin's allegation that he requested a reasonable accommodation for his disability satisfies the first prong's requirement that he engage in statutorily protected expression. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001); Siudock v. Volusia Cnty. Sch. Bd., No. 12-CV-503, 2013 WL 6187537, at *16 (M.D. Fla. Nov. 25, 2013) aff'd, No. 13-15576, 2014 WL 2463009 (11th Cir. June 3, 2014). However, EFR argues that Martin's accommodation request should be disregarded because, as a result of his drug use, Martin did not have the requisite "good faith, reasonable belief" that he was entitled to ADA protection. See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002). As explained above, Martin's allegations render it plausible that he was not a current drug user at the time of his termination and/or that he could invoke the ADA's safe harbor provision. Accordingly, it is also plausible that Martin had a good faith, reasonable belief that he was entitled to an accommodation. Thus, Martin's allegations satisfy the first prong.

Martin's allegation that he was terminated in retaliation for requesting a reasonable accommodation satisfies the second prong's requirement that he suffer an adverse employment action. Lucas, 257 F.3d at 1261 ("An employment action is considered 'adverse' .

10

. . if it results in some tangible, negative effect on plaintiff's employment.")

To satisfy the third prong, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated. For purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated." Freytes-Torres v. City of Sanford, 270 F. App'x 885, 893 (11th Cir. 2008) (quotations and citation omitted). Martin's allegations that he was terminated approximately two weeks after requesting an accommodation for his disability is sufficient to establish the temporal proximity necessary to satisfy the third prong. Id. Accordingly, Martin has adequately alleged his ADA and FCRA retaliation claims.

**C.   Plaintiff's Demand for Punitive Damages**

Generally, a plaintiff bringing ADA discrimination and retaliation claims may seek punitive damages. 42 U.S.C. § 1981a(a)(2). However, punitive damages are not available for such claims brought against "a government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(1); see also Erickson v. Hunter, 932 F. Supp. 1380, 1385 (M.D. Fla. 1996). Likewise, punitive damages are not available in FCRA actions against "the state [of Florida] and its agencies and subdivisions." Fla. Stat. § 760.11(5). Martin and EFR agree that EFR is a political subdivision of the state of Florida. (Doc. #30, ¶ 3; Doc. #33, p.

11

2.)  Therefore, Martin's demands for punitive damages in connection with counts one through four are stricken.

Accordingly, it is now

**ORDERED:**

1.   Defendant Estero Fire Rescue's Motion to Dismiss Counts I, II, II, and IV of Plaintiff's Amended Complaint (Doc. #31) is **DENIED.**

2.   Defendant Estero Fire Rescue's Unopposed Motion to Strike Punitive Damages Claims Against It (Doc. #33) is **GRANTED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of June, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

12